# Gerald Robinson Law Firm, PLLC

5600 West 70th Street, Minneapolis, Minnesota 55439
gerald.robinson@live.com
Phone: 612-803-5981

December 17, 2013

ELECTRONICALLY FILED

Ms. Patricia S. Connor, Clerk of Court
U.S. Court of Appeals for the Fourth Circuit
Lewis F. Powell, Jr. Courthouse & Annex
1100 East Main Street, Suite 501
Richmond, VA  23219

    Re:    *U.S. ex rel. Rostholder, et al. v. Omnicare, Inc., et al.,* No. 12-2431
           Letter Pursuant to Federal Rule of Appellate Procedure 28(j),
           concerning Oral Argument on December 10, 2013

Dear Ms. Connor,

    Appellant Rostholder submits this Rule 28(j) letter to provide citations to material that recently came to counsel's attention and was referenced during Oral Argument.

    First, Appellant cited 21 C.F.R. § 207.3(a)(8) for support that the Food, Drug & Cosmetic Act's ("FD&CA") current Good Manufacturing Practice ("cGMP") regulations apply to repackagers. Applicable to the entire FD&CA[1], the provision defines that "'manufacturing or processing' . . . includes repackaging." Hence, Appellees were subject to the requirements of 21 U.S.C. § 355, requiring "the methods used in, and the facilities and controls used for, the manufacture, processing, and packing of such drug are [] adequate to preserve its identity, strength, quality, and purity."  Indeed, that phrase opens the cGMP regulations, 21 C.F.R. § 210.1, and is the authority for their promulgation. (Opening Br. at 23-24).

---

[1] 21 C.F.R § 207.3(a)(1).

Ms. Patricia S. Connor  
December 17, 2013  
Page 2 of 3

Second, Appellant cited Restatement (Second) Contracts § 181, "Effect of Failure to Comply with Licensing or Similar Requirement":

> If a party is prohibited from doing an act because of his failure to comply with a licensing, registration or similar requirement, a promise in consideration of his doing that act or of his promise to do it is unenforceable on grounds of public policy if
> (a) the requirement has a regulatory purpose, and
> (b) the interest in the enforcement of the promise is clearly outweighed by the public policy behind the requirement.

As Appellant argued, because Appellees were prohibited from placing their drugs in interstate commerce, "public policy demands" that Courts not enforce any transaction for those drugs. *Kaiser Steel Corp. v. Mullins*, 455 U.S. 72, 77 (1982) (refusing enforcement of contract in violation of federal antitrust or labor laws, since "no court will lend its assistance . . . [to enforce] an illegal contract,"); *U.S. Nursing Corp v. St. Joseph's Medical Ctr*, 39 F.3d 790, 795 (7th Cir. 2004) (nursing agency's failure to obtain license rendered contract unenforceable). Moreover, Medicaid and Medicare Part D defined "covered outpatient drugs" consistent with Section 181, by framing it in terms of drugs that meet the requirements of 21 U.S.C. § 355 for introduction into interstate commerce.

Respectfully submitted,

   /s/ Gerald C. Robinson   
Gerald C. Robinson, Esq.  
*Attorney for Appellant*  
*Barry Rostholder*

## CERTIFICATES OF WORD COUNT and
## ELECTRONIC FILING AND SERVICE

I hereby certify that the body of the foregoing Rule 28(j) Letter, including footnotes, contains 350 words.

I hereby certify that on December 17, 2013, I electronically filed the foregoing Rule 28(j) Letter with the Clerk of the Court for the United States Court of Appeals for the Fourth Circuit by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

Dated:  December 17, 2013          ___/s/ Gerald C. Robinson_____
　　　　　　　　　　　　　　　　　　Gerald C. Robinson, Esq.
　　　　　　　　　　　　　　　　　　(MN# 212787; MD# 95335 *pro hac vice*;
　　　　　　　　　　　　　　　　　　4th Cir. Application Approved 12-11-12)
　　　　　　　　　　　　　　　　　　**GERALD ROBINSON LAW FIRM, PLLC**
　　　　　　　　　　　　　　　　　　5600 W. 70th Street
　　　　　　　　　　　　　　　　　　Minneapolis, MN 55439
　　　　　　　　　　　　　　　　　　Telephone: (612) 803-5981
　　　　　　　　　　　　　　　　　　Fax: (952) 941-4655
　　　　　　　　　　　　　　　　　　gerald.robinson@live.com
　　　　　　　　　　　　　　　　　　*Attorney for Plaintiff-Relator/Appellant*